# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

CHARLES WILLIAM ADAMS,

    Plaintiff,

-vs-

UNITED STATES,
DAVID TOY and
MICHAEL J. LEAHEY,

    Defendants.

Case Nos. **04M-1053-JGD**
           **04M-1055-JGD**

## MEMORANDUM IN SUPPORT OF
## MOTION FOR RETURN OF SEIZED PROPERTY

It is well known that in the United States, federal government officials are required to comply with the provisions of the Federal Rules of Criminal Procedure. Our courts have long recognized this. In *Rea v. United States*, 350 US 214, 100 L. Ed 233, 76 S. Ct. 292 (1956), the U.S. Supreme Court stated:

> *"Federal courts sit to enforce federal law; and federal law extends to the process issuing from those courts. The obligation of the federal agent is to obey the Rules. They are drawn for innocent and guilty alike. They prescribe standards for law enforcement. [350 U.S. 218] They are designed to protect the privacy of the citizen, unless the strict standards set for searches and seizures are satisfied. That policy is defeated if the federal agent can flout them and use the fruits of his unlawful act either in federal or state proceedings."*

Clearly, the Federal Rules of Criminal Procedure apply to the agents serving warrants—Defendants David Toy and Michael J. Leahey included—who took part in the forced entry into the home of Plaintiff Charles William Adams (hereinafter, "Adams").

We see that Federal Rules of Criminal Procedure Rule 41(f) states in relevant part:

> *(f) Executing and Returning the Warrant.*
> *(2) Inventory.*
> *An officer present during the execution of the warrant must prepare and verify an inventory of any property seized. The officer **must** do so in the presence of another officer **and** the person from whom, or from whose premises, the property was taken. If either one is not present, the officer must prepare and verify the inventory in the presence of at least one other **credible person**.* [Emphasis added]

Adams and his wife and children were in another state when the warrants were served, so it was not possible for him to be present when his property was seized and inventoried. See Affidavit of Charles William Adams in Support of Motion for Return of Property ¶ 4, incorporated herewith by reference thereto. Therefore, Rule 41(f) requires that at least one other *"credible person"* be present if the person from whom the property was taken, was not present. It is also clear that this requirement is not discretionary, since usage of the word *"must"* in the rule makes this requirement mandatory. In the instant case, there was no credible person present on either occasion the warrants were executed, nor did the officers participating in the searches and seizures make an attempt to find a credible person to be a witness even though one could have been found with very little effort. It is clear that this rule was deliberately

violated. See Affidavit of Charles William Adams in Support of Motion for Return of Property ¶ 5. This is a flagrant violation of federal law and the result is that the evidence was unlawfully seized and is tainted. The only remedy at law to rectify this wrong (to the extent that it can be—irreparable harm occurred) is by returning the seized property; and Rule 41(g) is the remedy available for this purpose.[1]

Of course, the ignorant might claim that of all those government agents available, there were all kinds of *"credible person[s]"* available. Not so.

Black's Law Dictionary (4th ed.) defines *"credible person"* thusly:

> *Credible person. One who is trustworthy and entitled to be believed; in law and legal proceedings, one who is entitled to have his oath or affidavit accepted as reliable, not only on account of his good reputation for veracity, but also on account of his intelligence, knowledge of the circumstances, and **disinterested relation to the matter in question**. Also one who is competent to testify. Dunn v. State, 7 Tex.App. 605....*" [Emphasis added]

While the officers involved in the searches and seizures may have been reputable people of considerable intelligence, no intellectually honest person could state that their status with respect to the matter in question was *"disinterested."* Black's Law Dictionary (4th ed.) defines this term, too:

> *"disinterested. Not concerned, in respect to possible gain or loss, in the result of the pending proceedings; impartial, not biased or prejudiced. McGilvery v. Staples, 16 A. 404...."*

---

[1] FRCrP Rule 41 (g) Motion to Return Property.
A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

That the officers executing the first warrant took items that did not appear in the inventory reveals a lack of impartiality (or perhaps just incompetence). Ordinary common sense tells one that those officers who seek to invade a man's home under the pretext of a criminal investigation are not impartial. Government officials are as honest as other men, and not more so. They have, with others, the same passions for party, for power, and the privilege of their corps. Government officials ordinarily seek advancement of their careers, an interest which is in conflict with Adams' interest in his property and rights. And if it is not possible to say that a reputable, honest prosecuting attorney is "disinterested" and therefore qualified to represent the interests of a defendant named in an information he signed, then it is also not possible to assert that a policeman or other government official applying for a search warrant and taking part in the search and seizure, is a "*credible person*" for the purposes of witnessing the seizure and inventory of items taken.

Respectfully submitted this 19 day of April, 2004,

Charles William Adams, Plaintiff *in propria persona*
221 Madison Street
Wrentham, Massachusetts 02093