A-1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

CHARLES WILLIAM ADAMS,

Unrepresented Plaintiff,

-vs-

UNITED STATES,
DAVID TOY and
MICHAEL J. LEAHEY

Defendants.

Case Nos. 04M-1053-JGD
04M-1055-JGD

## NOTICE OF NO LIABILITY TO FILE

Charles William Adams, a living soul created by The Creator is the Unrepresented Plaintiff with firsthand knowledge who files this NOTICE OF NOT LIABLE TO FILE per Internal Revenue Manual Section 5.1.11.10.12.2 (07-04-2001). Plaintiff is unrepresented and not of oath or an attorney, acting against Defendants and waives no rights known or unknown, stated or unstated. Plaintiff is a Sovereign and not a member of the Body Politic nor is he subject to the code which is designated as to limit and define government (*Yick Wo v. Hopkins* 118 U.S. 356, 370). Plaintiff is entitled to be held to a less stringent standard than professional attorneys. See ***Haines v. Kerner*, 404 US 519-521 (1972): *"...allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than***



9

***formal pleadings drafted by lawyers..." Platsky v. CIA*, 953 F.2d 26 28 (2d Cir. 1991), *"Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings."***

Plaintiff herein submits this Notice per Internal Revenue Manual Section 5.1.11.10.12.2 and this information is also available on the website of the Internal Revenue Service at: http://www.irs.gov/irm/part5/ch01s12.html#d0e11874 and DEMANDS this entire document and the document titled "ASSEVERATION AND DECLARATION OF OATH PURGATORY AND OF STATUS" (included with this document) be entered into the permanent records maintained by the Internal Revenue Service on him. Plaintiff respectfully now introduces the document entitled "REPORT CONCERNING LIABILITY OF CERTAIN CITIZENS IN REGARD TO FEDERAL INCOME TAXES" (attached) into evidence to support this NOTICE OF NOT LIABLE TO FILE.

WHEREFORE, the Plaintiff hereby puts the Internal Revenue Service and the government ON NOTICE that he is NOT LIABLE TO FILE INCOME TAX RETURNS NOR PAY INCOME TAXES NOR SOCIAL SECURITY TAXES and **anyone who moves against him will be doing so without immunity and will be sued and prosecuted to the fullest extent of the law.**

Respectfully submitted this 12 day of May, 2004,

Charles William Adams, Unrepresented Plaintiff
221 Madison Street
Wrentham, Massachusetts 02093

**REPORT CONCERNING LIABILITY OF CERTAIN CITIZENS IN REGARD TO FEDERAL INCOME TAXES.**

**The First Consideration – The Constitution**

*The Constitution of the United States forbids the imposition by the federal government, a direct tax without apportioning it in accordance with the census. The first thing to consider then, is what constitutes a direct tax and what apportionment means.*

*The subject of what constitutes a direct tax has been addressed by the Supreme Court in several cases. We'll examine these cases and examine what the Court said concerning the 16th Amendment.*

*It must first be understood that there are some basic principles of law. One important principle is that because a case is old, does not mean that it is invalid or not reliable. It is exactly the opposite. An old case, which has never been successfully challenged nor overturned, is the best of all cases as having withstood the test of time.*

*There are other principles, which must be considered...such as... a person does not have to do what an IRS agent tells him to do, he only has to do what the law tells him to do. The law is expressed by Constitution, court ruling, statute, and regulation. The lowest on the pecking order is regulation. In order for a regulation to have the force and effect of law, it must cite a statute on which it is based. "The result is that neither the statute nor the regulations are complete without the other, and only together do they have any force. In effect, therefore, the construction of one necessarily involves the construction of the other. The charges in the information are founded on 1304 and its accompanying regulations, and the information was dismissed solely because its allegations did not state an offense under 1304, as amplified by the regulations. When the statute and regulations are so inextricably intertwined, the dismissal must be held to involve the construction of the statute." UNITED STATES v. MERSKY, 361 U.S. 431 (1960).*

*Sometimes a regulation is overturned by a court ruling on the basis that the regulation did not properly reflect the statute. There are 3 types of regulations; Interpretive, Procedural, and Legislative. An agency can have a regulation demanding that employees shine their shoes or wash their hands. These obviously would not have the force and effect of law but would only be a condition of employment. There are also interpretive regulations that guide the employees in their work. The last type of regulation is the legislative regulation, which has the force and effect of law by the citation of a statute or ruling on which it is based. At the end of each regulation, you will see a number of citations,*

*such as a Treasury Department Decision, etc. The regulation must cite a statute, such as IRC sec. 6331, in order to have the force and effect of law and application to the general public.*

*So one of the main considerations which must become a part of your thinking would be to question any statement made by an IRS agent or government official as to whether a regulation has the force and effect of law. A Supreme Court case states a principle which, you would do well to remember...that is, if you accept an agent's statement concerning the law and if his statement is incorrect or deceptive, then you are taking a risk. DON'T take that risk! Always ask to be shown the statute and regulation!! That ruling was given in Federal Crop Insurance Corp. v Merrill, 332 US 380, 384 (1947) and has never been overturned:* "Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority. See, e.g., Utah Power & Light Co. v. United States 243 U.S. 389, 409 , 391; United States v. Stewart 311 U.S. 60, 70 , 108, and see, generally, In re Floyd Acceptances, 7 Wall. 666."

*The prohibitions against a direct tax are in Article 1, sec. 2, "Representatives and direct taxes shall be apportioned among the several States which may be included in this union, according to their respective Numbers..." and also in Article 1, sec. 9, "No Capitation, or other direct, Tax shall be laid, unless in proportion to the Census or Enumeration herein before directed to be taken." These two prohibitions were never repealed and remain in force in the main body of the Constitution. The income tax is a direct tax on an individual and must be levied under the rule of apportionment, according to the Supreme Court. However, there actually was levied an excise tax on corporations, in 1909 and later, which was measured by the size of their incomes and limited by their profits. That tax cannot be levied on an individual.* "Direct Taxes bear upon persons, upon possession and the enjoyment of rights; Indirect Taxes are levied upon the happening of an event." *Knowlton v. Moore, 178 US 41, 47 (1900).*

*A person's possessions include the money and assets in his possession, and thus would include his labor, as being his property and as ruled by the U.S. Supreme Court. The Court also ruled that a man's labor is inviolable and is a guaranteed right.* "The common business and callings of life, the ordinary trades and pursuits, which are innocuous in themselves, and have been followed in all communities from time immemorial, must therefore be free in this country to all alike upon the same conditions. The right to

pursue them, without let or hindrance, except that which is applied to all persons of the same age, sex, and condition, is a distinguishing privilege of citizens of the United States, and an essential element of that freedom which they claim as their birthright. It has been well said that 'the property which every man has in his own labor, as it is the original foundation of all other property, so it is the most sacred and inviolable. The patrimony of the poor man lies in the strength and dexterity of his own hands, and to hinder his employing this strength and dexterity in what manner he thinks proper, without injury to his neighbor, is a plain violation of this most sacred property. It is a manifest encroachment upon the just liberty both of the workman and of those who might be disposed to employ him." Butcher's Union Co. v. Cresent City Co., 111 US 746 (1884).

**"That <u>the right to conduct a lawful business</u>, and thereby acquire pecuniary profits, <u>is property</u>, is indisputable."** *TRUAX v. CORRIGAN, 257 U.S. 312, 348 (1921)*

"A state may not impose a charge for the enjoyment of a right granted by the Federal Constitution." *MURDOCK v. COMMONWEALTH OF PENNSYLVANIA, 319 US 105, at 113; 63 S Ct at 875; 87 L Ed at 1298 (1943).*

*Just what is an excise tax?* "A tax laid upon the happening of an event, as distinguished from its tangible fruit, is an Indirect Tax which Congress undoubtedly may impose." *[Tyler et. al., Administrators v. United States, 281 US 497, 502 (1930)].*

*It must be further said at this point that if the tax were being imposed as an excise tax on a natural person, why is the tax imposed not listed in subtitle E (Alcohol, tobacco, and certain excise taxes)?*

*There are more statements by the rulings of the Supreme Court but before we get into those, let me state the following... Excise taxes used to be commonly referred to as luxury taxes. The basis for that was that an excise tax was levied on an item of consumption or a privilege, which could be avoided by the buyer or subscriber. Very few people refer to excise taxes as luxury taxes anymore because the establishment would not want this concept to take root in the public mind. There are an awful lot of citizens who would disagree with the notion that the telephone or gasoline are not necessities of life and can be avoided, thereby rendering them as luxuries.*

*We will now look into the 16th Amendment. You most likely will be surprised at what you will discover.*

**The Second Consideration – The 16th Amendment**

*The IRS claims that the 16th Amendment to the Constitution authorizes an income tax without apportionment. Well, that is only partially true. The Amendment only applies to corporate profits, not to an unincorporated individual.*

*After the 16th Amendment was passed in 1913, there were many cases that came before the US Supreme Court and various issues were decided concerning its legitimacy. See Note 1. The big question was whether the Amendment had overturned the limitations against a direct tax without apportionment, since the limitations on direct taxes remain in the Constitution. There was the* Pollock *case that had set precedent before the 16th Amendment was passed. Pollock came before the court in 1895 and argued what indirect and direct taxes were. It overturned the 1894 income tax act because of lack of apportionment. So you can see that the apportionment provision is very important.*

"Nothing can be clearer than that what the constitution intended to guard against was the exercise by the general government of the power of directly taxing persons and property within any state through a majority made up from the other states." *Pollock vs. Farmers' Loan and Trust Co., 157 US 429, 582 (1895).*

"Thus, in the matter of taxation, the constitution recognizes the two great classes of direct and indirect taxes, and lays down two rules by which their imposition must be governed, namely, the rule of apportionment as to direct taxes, and the rule of uniformity as to duties, imposts, and excises." *Pollock, 157 US 429, 556 (1895).*

"From the foregoing it is apparent (1) that the distinction between direct and indirect taxation was well understood by the framers of the constitution and those who adopted it; (2) that, under the state system of taxation, all taxes on real estate or personal property or the rents or income thereof were regarded as direct taxes; (3) that the rules of apportionment and of uniformity were adopted in view of that distinction and those systems..." *Pollock, 157 US 429, 573.*

"The income tax law under consideration is marked by discriminating features which affect the whole law. It discriminates between those who receive an income of $4,000 and those who do not. It thus vitiates, in my judgment, by this arbitrary discrimination, the whole legislation." Pollock, 157 US 429, 595.

*In 1909, a corporate excise tax was passed and was ruled as meeting the requirement of uniformity for excise taxes. The court said that the apportionment requirement was not needed because it was an excise tax on the privilege of incorporating, and the size of the excise tax was measured by the size of*

*the corporate profit. Therefore, it was ruled that it was not a tax on the income of the corporation and was, in actuality, an indirect or excise tax. Note here that it was a privilege to incorporate and that privilege carried some advantages with it. Therefore the excise tax could be avoided by not incorporating. That allowed it to fall into the category of excise or LUXURY tax. Also note that the tax was only allowed on corporations and not on individuals. Corporate officers were obligated to ensure that the corporation paid the tax but the tax was not imposed on the individual officers as the Supreme Court noted in this case.* Stratton's Independence, Ltd. v. Howbert, 231 U.S. 399, 417 (1913):

"As to what should be deemed "income" within the meaning of § 38, it, of course, need not be such an income as would have been taxable as such, for at that time (the Sixteenth Amendment not having been as yet ratified) income was not taxable as such by Congress without apportionment according to population, and this tax was not so apportioned. Evidently Congress adopted the income as the measure of the tax to be imposed with respect to the **doing of business in corporate form because it desired that the excise should be imposed, approximately at least, with regard to the amount of benefit presumably derived by such corporations** from the current operations of the government. In Flint v. Stone Tracy Co., 220 U.S. 107, 165, it was held that Congress, in exercising the right to tax a legitimate subject of taxation as a franchise [231 U.S. 417] or privilege, was not debarred by the Constitution from measuring the taxation by the total income, although derived in part from property which, considered by itself, was not taxable. It was reasonable that Congress should fix upon gross income, without distinction as to source, as a convenient and sufficiently accurate index of the importance of the business transacted." ***[Emphasis Mine]*** *So now it can be seen that Property (a person's labor or wages), considered by itself, is not taxable.*

*The Sixteenth Amendment states, "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." If you are not aware of the definition of the word "income" given by the US Supreme Court, it will appear as though the 16th Amendment cancelled out the two taxing clauses in the main body of the Constitution.*

*In Brushaber, the Court stated the several contentions being made in the case and ruled:*

"… the contentions under it (the 16th Amendment), if acceded to, would cause one provision of the Constitution to destroy another; that is, they would result in bringing the provisions of the Amendment exempting a direct tax from apportionment into irreconcilable conflict with the general requirement that all direct taxes be apportioned. … This result, instead of simplifying the situation and making clear the limitations on the taxing power … would create radical and destructive changes in our constitutional system and multiply confusion."

*The High Court was faced with coming up with a resolution between the apparent conflict between the two taxing clauses in the main body of the Constitution and the 16th Amendment. It didn't have the power to overturn those two taxing clauses but it did have the power to overturn the 16th Amendment as being unconstitutional. It chose to limit the authority of the 16th Amendment by placing limitations on the word "income" in the 16th Amendment. You will see in the following cases where the Court made this limitation as being an indirect tax (excise tax) placed on an activity or privilege of incorporation and consequent activities as a corporation, the size of such excise tax being measured by the size of the corporate profit. The word "income" was ruled as having no other meaning than as being an indirect (excise) tax, the same as was levied by the 1909 corporate tax act.*

*A number of other cases came up after the 16th Amendment was allegedly passed in 1913, and they all remained consistent and only had to reconcile minor differences, such as mining as opposed to manufacturing. This is where the crux of the matter lies for us and the income tax. All these courts clearly ruled, especially MERCHANT'S LOAN & TRUST CO. v SMIETANKA, 255 US 509 (1921), that the word "income" had a specific legal meaning in the 16th Amendment. They further pointed to STRATTON'S INDEPENDENCE, LTD. v HOWBERT, 231 US 399 (1913) as the ruling that defined the word "income" in the 16th Amendment.*

*Here is what STRATTON'S says:* "As has been repeatedly remarked, the corporation tax act of 1909 was not intended to be and is not, in any proper sense, an income tax law. This court had decided in the Pollock Case that the income tax law of 1894 amounted in effect to a direct tax upon property, and was invalid because not apportioned according to populations, as prescribed by the Constitution. The act of 1909 avoided this difficulty by imposing not an income tax, but an excise tax upon the conduct of business in a corporate capacity, measuring, however, the amount of tax by the income of the corporation."

*The important key is* "upon the conduct of business in a corporate capacity". *So the court is saying that*

1) *income taxes are direct taxes because they tax the income of the individual,*
2) *corporate income taxes are not taxes on the corporation's income but an excise tax measured by the size of the corporation's income, and*
3) *any true federal income tax would be unconstitutional, if not apportioned.*

*The only way they could come close to levying a tax on corporations would be to levy an excise and not an income tax. Well ... Can they levy an excise tax, measured by the size of your earnings, on your salary? Do you have the same choice that is required to levy an excise tax that a corporation has,*

*that is, to work or not to work? No. You have to work to feed yourself and your family, etc. and, in no way, is the right to work a privilege. Remember that government officials and their official literature state that the income tax is voluntary. Further, the head of the ATF officially testified, under oath before Congress in 1954, that the income tax was 100% voluntary. He was never charged with perjury nor did any member of Congress challenge his oath statement.*

*Next, we'll deal more in these court cases and the 16th Amendment.*

**THE THIRD CONSIDERATION**
**THE INCOME TAX and THE 16TH AMENDMENT**

***Next, we get into some Supreme Court rulings and a discussion of direct vs. indirect taxes. These rulings are a part of our "common law".***

*POLLOCK v FARMERS' LOAN & TRUST CO., 157 US 429 (1895) made the following rulings: Quoting the Constitution* – "No capitation, or other direct, tax shall be laid, unless in proportion to the census...." *We discussed this previously.* "If", *ruled Chief Justice Marshall,* "both the law and the constitution apply to a particular case, so that the court must either decide that case conformably to the law, disregarding the constitution, or conformably to the constitution, disregarding the law, the court must determine which of these conflicting rules governs the case." *And the chief justice added that the doctrine* "that courts must close their eyes on the constitution, and see only the law, would subvert the very foundation of all written constitutions." Thus, the Constitution must govern the law.

Speaking *of the 1894 tax, POLLOCK stated,* "...that such tax is a direct tax, and void because imposed without regard to the rule of apportionment; and that by reason thereof the whole law is invalidated." *Second,* "That the law is invalid, because imposing indirect taxes in violation of the constitutional requirement of uniformity, and therein also in violation of the implied limitation upon taxation that all tax laws must apply equally, impartially, and uniformly to all similarly situated."

*Comment: As the court ruled, there are two great classes of taxation authorized under the constitution, direct – under the rule of apportionment and indirect – under the rule of uniformity. The corporate income tax is an indirect (excise) tax while the individual income tax is a direct tax, which must be apportioned. The two differ in nature, character, and application. Since the 1894 tax and the present individual income tax are both done without apportionment, they are unconstitutional if they are direct taxes AND IF THEY ARE MANDATORY. The 1894 tax was ruled invalid, so how about our present day individual income tax. We will look at the Supreme Court's rulings on the 16th Amendment*

*and whether it had any effect on the Apportionment requirement. The IRS is obliged, therefore, to answer this question in specific detail and without evasive answers.*

*Pollock further stated:* "As to the states and their municipalities, this (contributions to expense of government) is reached largely through the imposition of direct taxes. As to the federal government, it is attained in part through excises and indirect taxes upon luxuries and consumption generally, to which direct taxation may be added to the extent the rule of apportionment allows." *And* "If, by calling a tax indirect when it is essentially direct, the rule of protection could be frittered away, one of the great landmarks defining the boundary between the nation and the states of which it is composed, would have disappeared, and with it one of the bulwarks of private rights and private property."

*Comment: This ruling maintains the distinction between types of state and federal taxation as being important and necessary. Also notice the description of excise (indirect) taxes as taxes on "luxuries and consumption." I mentioned previously that these indirect taxes fall on the sales of luxuries and consumer goods, which can be avoided. Also the ability to avoid these indirect taxes by not purchasing taxed products or by not seeking a corporate privilege is necessary to the conditions required by Pollack. Also privileges, such as incorporation, are taxable because they are avoidable and are therefore voluntary. Where have we heard that word "voluntary" before? The IRS gives notice to you each time that it refers to "voluntary compliance".*

FLINT v STONE TRACY, 220 US 107 (1911): *This case defines excise taxes, in case you wonder if the government can impose an excise tax on your salary or wages.* "Excises are 'taxes laid upon the manufacture, sale, or consumption of commodities within the country, upon licenses to pursue certain occupations, and upon corporate privileges.' Cooley, Const. Lim. 7th ed. 680." *In* U S v. WHITRIDGE, 231 U.S. 144, 147 (1913), *the Court ruled:* "As repeatedly pointed out by this court, the corporation tax law of 1909-enacted, as it was, after Congress had proposed to the legislatures of the several states the adoption of the 16th Amendment to the Constitution, but before the ratification of that Amendment-imposed an excise or privilege tax, and not in any sense a tax upon property or upon income merely as income. It was enacted in view of the decision of this court in Pollock v. Farmers' Loan & T. Co. 157 U.S. 429 , 39 L. ed. 759, 15 Sup. St. Rep. 673, 158 U.S. 601 , 39 L. ed. 1108, 15 Sup. Ct. Rep. 912, which held the income tax provisions of a previous law (act of August 27, 1894, 28 Stat. at L. chap. 349, pp. 509, 553, 27 etc. U. S. Comp. Stat. 1901, p. 2260) to be unconstitutional because amounting in effect to a direct tax upon property within the meaning of the Constitution, and because not apportioned in the manner required by that instrument."

*Now let's zip forward to* MERCHANTS' LOAN & TRUST CO. v SMIETANKA, 255 US 509, 519 (1921) *8 years after the 16th Amendment was passed. It's ruling is only 5 pages and is very clear.* "The Corporation Excise Tax Act of August 5, 1909, was not an income tax law, but a definition of the word 'income' was so necessary in its administration..." "It is obvious that these decisions in principle rule the case at bar if the word 'income' has the same meaning in the Income Tax Act of 1913 that it had in the Corporation Excise Tax Act of 1909, and that it has the same scope of meaning was in effect decided in Southern Pacific v Lowe..., where it was assumed for the purpose of decision that there was no difference in its meaning as used in the act of 1909 and in the Income Tax Act of 1913. There can be no doubt that the word must be given the same meaning and content in the Income Tax Acts of 1916 and 1917 that it had in the act of 1913. When we add to this, Eisner v Macomber...the definition of 'income' which was applied was adopted from Stratton's Independence v Howbert, supra, arising under the Corporation Excise Tax Act of 1909... there would seem to be no room to doubt that the word must be given the same meaning in all the Income Tax Acts of Congress that was given to it in the Corporation Excise Tax Act, and that what that meaning is has now become definitely settled by decisions of this Court."

*Comment: So the word "income" has the same meaning after the 16th Amendment was passed as it did prior to passage in 1913. Since that time, has there ever been an overturning of this decision which was definitely settled by that Supreme Court decision in 1921? If the IRS cannot show that the decision of the Court was overturned, then its claim fails.*

*All these rulings were made to establish to the meaning of the word 'income' in the 16th Amendment. We're not yet done. We have to look to Stratton's. We have, however, learned that it has the same meaning as applied to an EXCISE tax and it somehow has to do with corporations.*

STRATTON'S INDEPENDENCE, LTD. v HOWBERT, 231 US 399 (1913*): Stratton's is very important in that it puts a firmer definition on the word income.* "As has been repeatedly remarked, the corporation tax act of 1909 was not intended to be and is not, in any proper sense, an income tax law. This court had decided in the Pollock Case that the income tax law of 1894 amounted in effect to a direct tax upon property, and was invalid because not apportioned according to populations, as prescribed by the Constitution. The act of 1909 avoided this difficulty by imposing not an income tax, but an excise tax upon the conduct of business in a corporate capacity, measuring, however, the amount of tax by the income of the corporation, with certain qualifications prescribed by the act itself." "Moreover, the section imposes ' a special excise tax with respect to the carrying on or doing business by such corporation,' etc..." "Corporations engaged in such business share in the benefits of the federal government, and ought as reasonably to contribute to the support of

that government as corporations that conduct other kinds of profitable business." "... the annual gains of such corporations are certainly to be taken as income for the purpose of measuring the amount of the tax."

*Comment: So you see, the word 'income' only applied to corporations, acting in a corporate capacity, which freely entered into a contract with the federal government to incorporate and were free to not incorporate or to rescind their incorporation. It was an excise tax and was indirect and was imposed on a privilege or luxury.*

*Does the government claim that the 16th Amendment with its word 'income' imposes the same conditions on your wages and salaries? Yes and no. It has never claimed to be imposing an excise tax on your earnings, measured by the size of your wages. Excise taxes cannot be imposed on an individual or his property. They do claim, however that they are imposing a voluntary tax on your earnings. That voluntary tax cannot fall under indirect or excise tax definitions. It, therefore, must be imposed as a direct tax, without the apportionment provision, which would make it unconstitutional or outside of the limitations provided, except in the case of an American citizen working overseas or a foreigner working in the US ...OR... a US citizen who voluntarily pays the tax. Your withholding does not fall under either class of federal taxation under the constitution but is legal only if you volunteer.*

*The Apportionment provision of the Constitution has never been repealed and still stands in the main body of the Constitution. When Prohibition was repealed, the Congress actually passed a measure repealing it, and they did not do anything similar to repeal in regard to Apportionment.*

*Understanding that the income tax is voluntary is crucial to the understanding as to why it is constitutional, that is, not authorized by the constitution but simply permitted if it is voluntarily undertaken between government and citizen.*

## Fourth Consideration – SUPREME COURT CASES

*Previously, we focused on 3 court rulings; Pollock, Stratton's Independence, and Smietanka. Those 3 rulings, alone, destroy the federal government's claim that the 16th Amendment authorized an income tax on individuals and unincorporated businesses. Now, some of you may object on the grounds that perhaps we're not telling the whole story or perhaps we have been reading these cases wrongly. Now it is time to lock that argument up. Let's look at numerous other US Supreme Court cases.*

*EVANS v GORE, 253 US 245 (1920):*

"If the tax in respect of his compensation be prohibited, it can find no justification in the taxation of other income as to which there is no prohibition; for, of course, doing what the Constitution permits gives no license to do what it prohibits."

"Does the Sixteenth Amendment authorize and support this tax and the attendant diminution; that is to say, does it bring within the taxing powers subjects theretofore excepted? The court below answered in the negative; and counsel for the government say: 'It is not, in view of recent decisions, contended that this amendment rendered anything taxable as income that was not so taxable before'."

*Comment: Even the government is not claiming, in view of those recent decisions, that it can levy a direct tax without apportionment. Remember that this was 7 years after the 16th Amendment was passed.*

*FLORA v US, 362 US 145 (1960):*

"Our system of taxation is based upon voluntary assessment and payment, not upon distraint."

*Comment: Definition of distraint in the legal dictionary, "to seize a person's goods as security for an obligation."*

*STANTON v BALTIC MINING CO., 240 US 103 (1916):*

"Not being within the authority of the 16th Amendment, the tax is therefore, within the ruling of Pollack… a direct tax and void for want of compliance with the regulation of apportionment."

"…it manifestly disregards the fact that by the previous ruling it was settled that the provisions of the 16th Amendment conferred no new power of taxation.."

"…it was settled in Stratton's Independence… that such tax is not a tax upon property… but a true excise levied on the result of the business.."

*Comment: The first quote here deals with the fact that the 16th Amendment authorizes an excise tax on corporations and that the Apportionment provision was still active after the passage of the 16th Amendment. In other words, if the tax had been an excise tax covered under the 16th Amendment, it could be considered Constitutional for that reason.*

*BRUSHABER v UNION PACIFIC R. CO., 240 US 1 (1916):*

"…the confusion is not inherent, but rather arises from the conclusion that the 16th Amendment provides for a hitherto unknown power of taxation; that is, a power to levy an income tax which, although direct, should not be subject to the regulation of apportionment applicable to all other direct taxes. And the far-reaching effect of

this erroneous assumption *will be made clear by generalizing the many contentions advanced in argument to support it...*"

"...the whole purpose of the Amendment was to relieve all income taxes when imposed from apportionment from a consideration of the source..."

"...on the contrary shows that it was drawn with the object of maintaining the limitations of the Constitution and harmonizing their operation."

*Comment: The first quote states that it is erroneous to believe that a power to levy an income tax, without Apportionment, was granted by the 16th Amendment.*

*PECK v LOWE, 247 US 165 (1918):*

"As pointed out in recent decisions, it does not extend the taxing power to new or excepted subjects..."

*Comment: Here the Court is not only saying that the 16th Amendment conferred no new powers of taxation, but also that the 16th Amendment did not authorize that taxing powers be extended to any new persons.*

*EISNER v MACOMBER, 252 US 189 (1920):*

"The 16th Amendment must be construed in connection with the taxing clauses of the original Constitution and the effect attributed to them before the amendment was adopted."

"As repeatedly held, this did not extend the taxing power to new subjects..."

"...it becomes essential to distinguish between what is and is not 'income', as the term is there used.."

"...we find little to add to the succinct definition adopted in two cases arising under the Corporation Tax Act of 1909...(Stratton's and Doyle)"

*DOYLE V. MITCHELL BROS., 247 U.S. 179, 183 (1918):*

"An examination of these and other provisions of the Act (The 16th Amendment) make it plain that the legislative purpose was not to tax property as such, or the mere conversion of property, but to tax the conduct of the business of corporations organized for profit upon the gainful returns from their business operations."

*Comment: The "conversion of property" mentioned, applied to work/property converted to remuneration/compensation.*

*Smietanka as in the 3rd consideration of my Report states:*

"There would seem to be no room to doubt that the word 'income' must be given the same meaning in all of the Income Tax Acts of Congress that was given to it in the Corporation Excise Tax Act, and what that meaning is has now become definitely settled by decisions of this Court."

*BOWERS V. KERBAUGH-EMPIRE, 271 U.S. 170 (1926):*

"Income has been taken to mean the same thing as used in the Corporation Excise Tax Act of 1909, in the 16th Amendment, and in the various revenue acts subsequently passed."

*HELVERING V. EDISON BROTHERS' STORES 8 CIR. 133 F2d 575 (1943):*

"The Treasury cannot by interpretive regulation make income of that which is not income within the meaning of the revenue acts of Congress, nor can Congress, without apportionment, tax that which is not income within the meaning of the 16th Amendment."

*SOUTHERN PACIFIC CO. V. LOWE, 247 U.S. 330 (1918):*

"We must reject in this case, as we have rejected in cases arising under the Corporation Excise Tax Act of 1909, the broad contention submitted on behalf of the government that all receipts, everything that comes in, are income within the proper definition of the term 'gross income'. Certainly the term 'income' has no broader meaning in the Income Tax Act of 1913 than in that of 1909, and for the present purpose we assume there is no difference in its meaning as used in the two acts."

*Comment: If the word "income" in the 16th Amendment has a strictly limited meaning, stated in Stratton's Independence, then the 16th Amendment cannot be properly understood unless that definition, with it's limitations, is taken into account.*

*Now I wish to explain one set of claims that the IRS makes. They say that section 61 or section 63 of the Internal Revenue Code provides the definition of "income" that applies equally to individuals and corporations. Could it ever be possible that the same definition would apply to a corporation excise tax and equally so to a direct tax on an individual's wages? Since the tax imposed on a corporation was ruled to be an indirect tax and an excise tax imposed on a corporate activity, the question must be raised as to which of the two classes of taxation authorized by the Constitution is imposed on an individual? Is it an excise tax imposed on a privilege of incorporation? An individual does not partake in that privilege. And since the tax imposed on corporations' income, as a direct tax, was invalid due to lack of Apportionment and applies equally to the individual, the individual and his property also cannot be taxed directly due to lack of Apportionment.*

*Further, the Supreme Court affirmed the previous cases in 1976, in U.S. v. Ballard, 535 F2d 400:* "Gross income and not 'gross receipts' is the foundation of income tax liability..." Here the Court makes a

distinction between the two and the distinction is based on the word "income" as previously decided by the Court."

*There is also the fact that the Supreme Court has ruled that "income" is not defined in the Internal Revenue Code, as stated below:*

*EISNER v MACOMBER, 252 US 189, 206 (1920):*

"In order, therefore, that the clauses cited from article 1 of the Constitution may have proper force and effect, save only as modified by the amendment, and that the latter also may have proper effect, it becomes essential to distinguish between what is and what is not 'income,' as the term is there used, and to apply the distinction, as cases arise, according to truth and substance, without regard to form. Congress cannot by any definition it may adopt conclude the matter, since it cannot by legislation alter the Constitution, from which alone it derives its power to legislate, and within whose limitations alone that power can be lawfully exercised." *[Emphasis Mine]*

*This can be explained by the "sources of income" rulings by the Court. It is not necessary to go into those arguments in depth. It is only necessary to understand that 'income' is a separate item from the sources of that income. A source of income can be wages, by which an employer derives an income. As an example, an employer may earn a profit from the leasing out of his employees or using his employees to earn an income.*

*Ballard gives us two useful explanations:*

*At 404,* "The general term 'income' is not defined in the Internal Revenue Code." *This is so because the only legal definition of "income" was given by the U.S. Supreme Court in previous rulings.*

*At 404, Ballard further ruled that* "... 'gross income' means the total sales, less the cost of goods sold, plus any income from investments and from incidental or outside operations or sources." *(For illustrative purpose, suppose you worked for an employer and received wages for producing widgets, and shortly after you began working there, there was a fire, destroying all the widgets that you had produced. Thereafter, the company went out of business, and it is obvious that there was no "gross income" under this Ballard ruling, because there were no sales.)*

*The above Court rulings leave us with only the one alternative. The individual income tax, unless it is imposed from the rule of Apportionment, falls outside the authorized taxation powers granted by the Constitution, it being a direct tax on an individual's property. The only way it can possibly be legal is if it is voluntary.*

*Dwight E. Davis, Head of the Alcohol, Tobacco, and Firearms Bureau of Internal Revenue testified under oath before Congress ( 2/3/53 – 2/13/53 )* "Let me point this out now. This is where the structure differs. Your income tax is a 100% voluntary tax and your liquor tax (A.T.F.) is a 100% enforced tax. Now the situation is as different as night and day. Consequently, your same rules simply will not apply."

*These cases are all a person would need to be exempt from the income tax if he didn't volunteer. It can be shown that the statutes reflect the voluntary nature of the income tax. The mandatory nature of the statutes, which are listed in the Internal Revenue Code, are missing and have been missing since 1954. There is no statute that causes the average individual to be liable for the income tax and no regulation that implements any such alleged statute.*

*A final court ruling is in order at this point.*

"(A) statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." *Connally v General Construction Co., 269 US 385, 391 (1926).*

*We are left, inescapably, with these conclusions. The federal income tax is imposed as a 100% voluntary tax, except in regard to corporations, which are engaged in a taxable corporate activity. The individual is free to volunteer or not volunteer to pay the direct tax imposed without apportionment. The income tax is constitutional, but only because it is voluntary. The income tax on the individual, who lives and works in the 50 states, is not authorized by the Constitution and falls into the category of permitted taxation, done freely and voluntarily.*

*SUMMARY POINTS*

▶The individual income tax is a direct tax subject to apportionment.

▶The corporate 'income' tax is an indirect tax, not subject to apportionment.

▶The 16th amendment only applies to 'income' as defined by the US Supreme Court, as pertaining only to corporations.

▶ The word 'income' is not defined in the Internal Revenue Code.

▶ The 16th amendment did not authorize any new taxing powers.

▶ The taxing powers of the federal government were the same after the passage of the 16th amendment as were existent before the passage.

▶ The 16th amendment kept the corporate excise tax in the category of indirect tax and did not affect the apportionment requirement of the Constitution.

Note 1 - *There is a large group that is claiming that the 16th Amendment was never properly ratified and that argument is hard to dispute, but is a moot point in light of the Supreme Court's rulings. A man named Bill Benson from South Holland, Ill. went to every state in the union and got sworn affidavits on those who voted to ratify and those who didn't. Remember, in those days communications were slow and poor, so it was easy in 1913 to make honest mistakes and just as easy to deceive the public. Kentucky was listed as ratifying and according to the state records there was a switch in the numbers, something like 9 to 16 and these numbers were switched and Kentucky became listed as ratifying. You can get Benson's book – "The Law That Never Was".*

*There were many irregularities such as the change of punctuation or slight changes in wording in some states in order to get their legislators to ratify. Any change in wording or punctuation would have nullified ratification. In any case, there is a large group of people who are challenging the ratification process.*

*We can use this in our arguments but in court it would require that you produce all the necessary documents to prove your case. That's why we don't rely on it. (Note: The federal government cannot admit to their "mistake" because they have been fraudulently collecting the tax and fraudulently putting people in prison for many years. Fraud has no statute of limitations, and therefore people could demand their money back, going all the way back to the 2nd World War.)*

*End of Report*

*Research and conclusions have been done by Charles F. Conces and are based in part on research done by others who have studied these issues and case laws. Mr. Conces can be reached at (269) 964-7025 if any questions arise. Mr. Conces knows that this report is being widely circulated and asks that anyone who has knowledge of a contrary nature, contact Mr. Conces so that any necessary changes can be incorporated into this report.*