A-1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHARLES WILLIAM ADAMS, | \| | |
| | \| | |
| Unrepresented Plaintiff, | \| | |
| | \| | |
| -vs- | \| | |
| | \| | |
| UNITED STATES, | \| | |
| DAVID TOY and | \| | Case Nos. **044-1053-JGD** |
| MICHAEL J. LEAHEY | \| | **044-1055-JGD** |
| | \| | |
| Defendants. | \| | |

---

## REPLY--MOTION FOR RETURN OF SEIZED PROPERTY

---

I, Charles William Adams, a living soul created by The Creator as the unrepresented Plaintiff state that I am competent to testify with first hand knowledge to the facts contained herein and with clean hands file this reply motion under First Amendment Rights to redress for the return of property taken by federal agents pursuant to two search warrants issued under case numbers 04M-1053_JGD and 04M-1055-JGD. Plaintiff is unrepresented and not of oath or an attorney, acting against Defendants and waives no rights known or unknown, stated or unstated. Plaintiff is a Sovereign and not a member of the Body Politic nor is he subject to the code which is designated as to limit and define government. (*Yick Wo v. Hopkins* 118 U.S. 356, 370)

Plaintiff will not be responsible for the cost of any other party than himself.

10

If this motion and the supporting documentation are filed in the improper jurisdiction or venue the court is to move it to the proper court.

Plaintiff is entitled to be held to a less stringent standard than professional attorneys. See *Haines v. Kerner*, **404 US 519-521 (1972):** *"...allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers..." Platsky v. CIA*, **953 F.2d 26 28 (2d Cir. 1991),** *"Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings."*

Unrepresented Plaintiff now replies to the "Government's Motion for Leave to File *nunc pro tunc* and Government's Opposition to Motion for Return of Seized property.

The Defendants, Agents Toy and Leahey, essentially assert that since they wear badges and are "sworn," they are "credible persons" for the purposes of Rule 41(f) of the Federal Rules of Criminal Procedure. As a matter of logic, where the interests of the Adamses are concerned, they could not be "credible persons" due to the adversarial relationship between the parties. It only makes sense that an *impartial* person witness the gathering and inventory of seized property; and that could be the only purpose in even having such a rule. Otherwise, the rule would serve no useful purpose.

If it was intended that any of the officers executing the warrant, or present during such execution, could be the "credible person," then there would be no purpose in distinguishing the presence of the person from whose possession or from whose premises the property was taken. The fact that the rule recognizes the Adams' right to witness the making of the inventory if they are present, necessitates their right to have a *disinterested* "credible person" witness the making of the inventory in their absence. To deny the Adams' right to witness the taking of their property, either in person or through a disinterested third party, is to remove all checks on seizures by government officials, making such seizures ripe for abuse.

Thomas Jefferson wrote in 1820:

> "*To consider the judges as the ultimate arbiters of all constitutional questions is a very dangerous doctrine indeed, and one which would place us under the despotism of oligarchy. Our judges **are as honest as other men, and not more so**. They have a passion for party, for power, and the privilege for their corps.*" [Emphasis added]

While it is true that Jefferson was speaking of judges, is this not also true for any government official, including executive officials, such as the Defendants? Are not executive officials executing warrants "*as honest as other men, and not more so?*" This is not just some obscure truism, but one which the writers of Rule 41 took into account nearly 60 years ago, as we shall show herein.

Rule 41 of the Federal Rules of Criminal Procedure has been refurbished from time to time, but the inventory provision was not changed in over

60 years, until 2002. According to the Advisory Committee notes (page 179) on

the 2002 amendments:

> *"The language of Rule 41 has been amended as part of the more general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules.* ***These changes are intended to be stylistic only, except as otherwise noted below.*** *Rule 41 has been completely reorganized to make it easier to read and apply its key provisions."*
>
> ...
>
> *"Current Rule 41(d) provides that the officer taking the property under the warrant must provide a receipt for the property and complete an inventory.* ***The revised rule indicates that the inventory may be completed by an officer present during the execution of the warrant and not necessarily the officer actually executing the warrant.***" [Emphasis added]

Thus, other than the change to allow an officer who is merely present, but

not actually executing the warrant, to complete the inventory, all other changes in

the language of Rule 41(d) [1] were merely "stylistic." Therefore, we can now

examine the *intent* of the writers of this rule, insofar as the "credible person"

before whom the inventory of the seized property must be made.

The pre-2002 rule, clearer in this respect, states, in relevant part:

***Federal Rules of Criminal Procedure***

***Rule 41. Search and Seizure***
*(d) Execution and Return with Inventory.*
> *The officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken or shall leave the copy and receipt at the place from which the property was taken. The return shall be made promptly and shall be accompanied by a written inventory of any property taken. The inventory shall be made in the presence of the applicant for the warrant and the person from whose possession or premises the property was taken, if they are present, or in the presence of at least* ***one credible person other than the applicant for the warrant or the person from whose possession or premises the property was taken,*** *and shall be verified by the officer. The federal magistrate judge shall upon request*

---

[1] The 2002 amendments also redesignated the previous subsection (d) to the current subsection (f).

*deliver a copy of the inventory to the person from whom or from whose premises the property was taken and to the applicant for the warrant.* [Emphasis added]

Taking into account the narrow change intended in this provision, according to the Advisory Committee notes shown above, as to the person who is allowed to *make* the inventory, it is clear that the witnesses to the making of it have *not* been changed. Therefore, the "credible person" described in the current version of the rule must have the same characteristics as they did in the previous version. And that characteristic is that it must be someone "other than the applicant for the warrant or the person from whose possession or premises the property was taken."

Of course, this "credible person" only comes into play when either one or both of the referenced persons are not present, but it is not disputed that the Adamses were not present at the time the warrants were executed. The affidavit of IRS Special Agent David Toy (hereinafter "Toy") verifies that *"federal agents made forcible entry through the front door by bending an interior slide bolt."* Toy further swears that he was present for the execution of the warrants. Thus, by Toy's own sworn testimony, the first condition referred to in the rule did not exist at the time of the execution of the warrants. Therefore, according to the rule, the inventory was required to be made in the presence of at least one credible person ***other than*** either the Adamses or Toy. However, this requirement was ignored.

Assistant U.S. Attorney Victor A. Wild contends in the Government's Opposition to Motion for Return of Seized Property, at page 4, that *"the claim that*

5

*federal agents participating in the search cannot constitute such a 'credible person' ... is neither factually nor legally correct."* He goes on to say: *"Indeed, it is specifically upon the credibility of sworn federal agents, including Special Agent David Toy, that Magistrate Judge Dein issued Search Warrants in this matter."* However, the Government is still ignoring the plain requirement of the rule—it is not sufficient that the person be credible; the rule requires that it be some person other than Toy. However, Toy swears in his affidavit (at paragraph 11) that the inventories were prepared by IRS Special Agent Christopher Waskey in his (Toy's) presence. So the question then, is whether or not Toy, as the applicant of the first warrant, could be the required "credible person;" and the answer to that question is answered in the requirements of the rule itself—he can NOT!

Even if it could be argued that Toy could be considered the "credible person" with respect to the Leahey's supplemental warrant, he still could not be such "credible person" with respect to his own warrant.

Indeed, the rules, would not serve any useful purpose if they could be disregarded with impunity. And while it is true that there are no charges pending against Mr. Adams, the principle behind the "fruit of the poisonous tree" doctrine still applies, for the purposes of returning the Adamses property. The "fruit of the poisonous tree" doctrine recognizes that evidence obtained fraudulently, wrongfully or illegally is ordinarily incompetent. See C.J.S. Evidence, § 187.

To use the phrase coined by Justice Frankfurter, it is to be decided whether particular evidence is the "fruit of the poisonous tree." Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939). The genesis of the "taint" doctrine was in Silverthorne Lumber Co. v. United States, 251 U.S. 385, 60 S.Ct. 266, 84 L.Ed. 307 (1939) where federal officers seized certain documents and, after a court ordered those documents returned, the prosecutor caused the grand jury to issue subpoenas to the defendants to produce the very same documents. In holding that the subpoenas were invalid, the Court declared,

> *"The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all. Of course this does not mean that the facts thus obtained become sacred and inaccessible. If knowledge of them is gained from an independent source they may be proved like any others, but the knowledge gained by the Government's own wrong cannot be used by it in the way proposed.*

Clearly, the purpose of the exclusionary rule is to deter illegal activity on the part of the government in criminal prosecutions. And this principle and its application are no less applicable in the instant case.

WHEREFORE, the Plaintiff moves this court to ORDER the immediate return of all property seized from his home by the Defendants.

Respectfully submitted this third day of June, 2004,

Charles William Adams, Unrepresented Plaintiff
221 Madison Street
Wrentham, Massachusetts 02093

# CERTIFICATE OF SERVICE

I, Charles William Adams, unrepresented plaintiff, a citizen of Massachusetts over the age of 21, do hereby certify that a true copy of the Following documents:

1.    REPLY—MOTION FOR RETURN OF SEIZED PROPERTY; and,

2.    CERTIFICATE OF SERVICE;

have been served on June third, 2004, via Registered Mail to the clerk of the court and via Certified Mail each of the remaining parties listed below:

REGISTERED MAIL #RC 007 432 677 US
Clerk, US Dist. Court for Massachusetts
2300 United States Courthouse
One Courthouse Way
Boston, Massachusetts 02210-3002

CERTIFIED MAIL #7002 3150 0003 4998 4278
Michael J. Sullivan, U. S. Atty.
2300 United States Courthouse
One Courthouse Way
Boston, Massachusetts 02210-3002

CERTIFIED MAIL #7002 3150 0003 4998 4261
John Ashcroft
U.S. Attorney General
Tenth and Constitution Avenue, N.W.
Washington, D.C. 20530

CERTIFIED MAIL #7003 3110 0005 2905 4679
David Toy, IRS/CID
120 Front Street
Worcester, Massachusetts 01608

CERTIFIED MAIL #7003 3110 0005 2905 4686
Michael J. Leahey, IRS/CID
JFK Federal Building, Room 1000
25 New Sudbury Street
Boston, Massachusetts 02203

L.S. _____