IN THE UNITED STATES OF AMERICA DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | | | |
|---|---|---|---|
| Charles William Adams | ) | USDC Case Number: | 04-MC-10193 |
|     Plaintiff, unrepresented | ) | | |
| | ) | Search Warrant: | 04M-1053-JGD |
| v. | ) | Search Warrant: | 04M-1055-JGD |
| UNITED STATES | ) | | |
| INTERNAL REVENUE SERVICE | ) | REPLY TO GOVERNMENT'S OPPOSITION | |
| AKA IRS, AKA the IRS | ) | TO SECOND MOTION FOR RETURN OF | |
| David Toy, Troy Niro | ) | SEIZED PROPERTY FILED AUGUST 13. | |
| Michael Leahey | ) | | |
|     Defendants | ) | Filed: 27 August, 2004 | |

I AM Charles William Adams, Sui Juris, Sovereign, Plaintiff, Creation of The Creator, who under threat, duress and coercion, petitioned and invoked the jurisdiction of this Court for the constrained purpose of this case 04-MC-10193 pursuant to my First Amendment right to redress.

With first hand personal knowledge of the facts of this case the Plaintiff now responds under penalty of perjury with this testimony to the government's motion filed 13 August, 2004 with the heading "GOVERNMENT'S OPPOSITION TO SECOND MOTION FOR RETURN OF SEIZED PROPERTY" and responds that there is indeed both factual and legal basis for granting the motions to quash the search of his home, return everything that was removed and declare all evidence and knowledge gained to be the "fruits of the poison tree" per 18 U.S.C. 41(h).

# **LEGAL ARGUMENT**

## I

### Revenue Agents Can Not Seize Records Nor Compel Their Production

In *Boyd v. United States* 116 U.S. 616 the revenue agents commanded of the production of just ONE INVOICE from E.A. Boyd & Sons and the Supreme Court considered the following issue: *"The seizure or compulsory production of a man's private papers to be used in evidence against him is equivalent to compelling him to be a witness against himself, and, in a prosecution for a crime, penalty or forfeiture, is equally within the prohibition of the Fifth Amendment."*

The court agreed with the above and in the lead opinion Justice Bradley wrote:

"Breaking into a house and opening boxes and drawers are circumstances of aggravation, but any forcible and compulsory extortion of a man's own testimony or of his private papers to be used as evidence to convict him of crime or to forfeit his goods is within the condemnation of that judgment. In this regard, the Fourth and Fifth Amendments run almost into each other." [Emphasis Mine] Further in the lead opinion Justice Bradley continued:

"And any compulsory discovery by extorting the party's oath, or compelling the production of his private books and papers, to convict him of crime, or to forfeit his property, is contrary to the principles of a free government. It is abhorrent to the instincts of an Englishman; it is abhorrent to the instincts of an American. It may suit the purposes of despotic power; but it cannot abide the pure atmosphere of political liberty and personal freedom." 116 U.S. at 631-632. [Emphasis Mine] Further in the lead opinion Justice Bradley continued:

"We have already noticed the intimate relation between the two amendments. They throw great light on each other. For the "unreasonable searches and seizures" condemned in the Fourth Amendment are almost always made for the purpose of compelling a man to give evidence against himself, which, in criminal cases, is condemned in the Fifth Amendment, and compelling a man "in a criminal case to be a witness against himself," which is condemned in the Fifth Amendment, throws light on the question as to what is an "unreasonable search and seizure" within the meaning of the Fourth Amendment. And we have been unable to perceive that the seizure of a man's private books and papers to be used in evidence against him is substantially different from compelling him to be a witness against himself. We think it is within the clear intent and meaning of those terms. We are also clearly of opinion that [116

U.S. 634] proceedings instituted for the purpose of declaring the forfeiture of a man's property by reason of offences committed by him, though they may be civil in form, are in their nature criminal." 116 U.S. at 633-634 [Emphasis Mine]

The Supreme Court upheld the rights of E.A. Boyd over the revenue agents demand for a SINGLE document (an invoice) claiming that to seize this one document from him, which "may be civil in form, are in their nature criminal", would be a violation of his rights under the 5th Amendment.

Today the court must award the same consideration to the Plaintiff for the search warrant in question; that some could say is a gigantic fishing expedition, written to find some evidence of some crimes committed by some people. The search warrant at instance goes on to list at least 15 names and for over 75 items and for brevity I don't want to waste the time of the court reciting the entire warrant. **Surely if the Supreme Court won't allow revenue agents to demand a single invoice from an American Citizen protected by the 5th Amendment the courts must uphold that a laundry list is certainly out of the question and order this search overturned.**

## II

### Callous Disregard for Plaintiff's 4th and 5th Amendment Rights

The next question being asked that the court consider is simply this, "How does this laundry list of people and records conform to the very limited provisions of the 4th Amendment as upheld repeatedly by the Supreme Court that search warrants must particularly describe the things to be seized, the property from which it will be seized and the place from which it will be seized?

In *Marron v. United States*, 275 U.S. 192 (1927) Justice Butler wrote in the lead opinion: "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant."

[Emphasis Mine]  In the next paragraph Justice Butler continued, "And the Congress, in enacting the laws governing the issue and execution of this search warrant, was diligent to limit seizures to things particularly described. Section 39 of Title 27, U.S.C. provides that such warrant may issue as provided in title 18, §§ 611 to 631 and § 633. Section 613 provides that a search warrant cannot be issued but upon probable cause supported by affidavit naming or describing the person and **particularly describing property and place to be searched.**" [Emphasis Mine]

In *Steele v. United States* No 1. 267 U.S. 498 (1925) Justice Taft also iterates in the lead opinion of the Supreme Court. "Under that title, in conformity with the Fourth Amendment, the warrant can be issued only upon probable cause, supported by affidavit particularly describing the **property and place** to be searched." [Emphasis Mine]

The search warrant describes the "property to be searched as 221 Madison Street Wrentham Massachusetts" **but the search warrant does not describe the *place* to be searched.** As a result the agents ran free without discretion and for 8 hours searched everywhere in the house, from basement to attic, instead of confining their search to the one room that was obviously designated a home office (desk, computer, filing cabinets, printers, scanner, Etc.)  The Supreme Court decisions state both the PROPERTY and the PLACE to be searched are to be listed on a search warrant.  This warrant only listed the property to be searched with far too much, "...left to the discretion of the officer executing the warrant."  As stated in an earlier affidavit the wife of the Plaintiff even found a pen still reeking of men's cologne in her underwear drawer.  Surely the affidavit used to secure this warrant didn't mention that women's underwear was to be searched.  Because the place to be searched was not described the agents searched the entire home of the Plaintiff in clear violation of his rights as guaranteed by the 4th Amendment of the Constitution for the United States of America. To add further insult to injury some of the agents even used the only toilet in the house, leaving their pubic hair on the rim and didn't even clean up after themselves.

Finally the warrant is overly broad in that it is a laundry list of over 75 items many of which are very general in the description of the items, i.e.:

"Item a.     To include all books and records, including but not limited to general ledgers, cash receipts journals, cash disbursement journals, bank statements, cancelled checks and deposit tickets; and..."

How can one interpret "... all books and records..." to be what the Supreme Court meant when it wrote in *Marron v. United States*, 275 U.S. 196 "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." [Emphasis Mine]

### III

### Job Description of IRS Special Agents Shows They Have No Enforcement Authority Over The Plaintiff

In *Boyd v. United States* 116 U.S. 616 the Supreme Court overturned the revenue agents' command of the production of the invoice from E.A. Boyd & Sons because the commanded production of a record (or the seizure of a record) would be a violation of Mr. Boyd's protection under the 5th Amendment. With that background it is understandable that revenue agents can only compel the production of records or seize the records from those without the protection of the 5th Amendment which is probably why in the job description for special agents in the IRS "Organization and Staffing Manual" specifically states that IRS agents are only authorized to enforce, "the criminal statutes applicable to income, estate, gift, employment, and excise taxes... involving United States citizens residing in foreign countries and non resident aliens subject to Federal income tax filing requirements..." The Plaintiff clearly is none of these people and surely the agents applying for and executing this warrant are aware of this fact. Therefore they applied for the search warrant in bad faith knowing the Plaintiff was not a person liable for the taxes and liable to make returns.

## IV
## The Search Warrant At Issue Was Illegally Applied For And Illegally Issued

The reason the Plaintiff must have a copy of the affidavit is to attempt to show the court and the US Attorneys that the "Special Agents" of the Internal Revenue Service (hereafter IRS) illegally applied for the search warrant, probably by deceiving the court and perhaps also the US Attorneys into falsely believing they are "law enforcement" personnel legally authorized to apply for and execute a search warrant[1] in violation of 26CFR1.274-5T(k)(6)(ii) which the last sentence clearly notes this fact. "The term law enforcement officer may include an arson investigator if the investigator otherwise meets the requirements of this paragraph (k)(6)(ii), but does not include Internal Revenue Service special agents." [Emphasis Mine]

The Plaintiff can find authority only for "law enforcement" officers or an attorney for the government to obtain search warrants in the Code of Federal Regulations, which also specifically lists which agencies can obtain search warrants. No where in the Code of Federal Regulation can the Plaintiff find any authority for IRS "special agents" to obtain a search warrant. The Plaintiff maintains this authority simply doesn't exist (perhaps because of *Boyd*). The Code of Federal Regulations is very specific as to which federal officers are authorized to request the issuance of a search warrant. This is clearly spelled out in 28CFR60.2 which states specifically as follows, please note that IRS

---

[1] Rule 41(a) of 18 U.S.C NOTES OF ADVISORY COMMITTEE ON RULES - 1972 AMENDMENT Subdivision (a) is amended to provide that a search warrant may be issued only upon the request of a federal law enforcement officer or an attorney for the government. The phrase "federal law enforcement officer" is defined in subdivision (h) in a way which will allow the Attorney General to designate the category of officers who are authorized to make application for a search warrant." 26CFR1.274-5T(k)(6)(ii) "The term law enforcement officer means an individual who is employed on a full-time basis by a governmental unit that is responsible for the prevention or investigation of crime involving injury to persons or property (including apprehension or detention of persons for such crimes), who is authorized by law to carry firearms, execute search warrants, and to make arrests (other than merely a citizen's arrest), and who regularly carries firearms (except when it is not possible to do so because of the requirements of undercover work). The term law enforcement officer may include an arson investigator if the investigator otherwise meets the requirements of this paragraph (k)(6)(ii), but does not include Internal Revenue Service special agents.

agents are NOT included in this all inclusive list of those authorized by law to obtain a search warrant from the Federal Government.

```
PART 60--AUTHORIZATION OF FEDERAL LAW ENFORCEMENT OFFICERS TO REQUEST THE
ISSUANCE OF A SEARCH WARRANT--Table of Contents

Sec. 60.2  Authorized categories.

    The following categories of federal law enforcement officers are
authorized to request the issuance of a search warrant:
    (a) Any person authorized to execute search warrants by a statute of
the United States.
    (b) Any person who has been authorized to execute search warrants by
the head of a department, bureau, or agency (or his delegate, if
applicable) pursuant to any statute of the United States.
    (c) Any peace officer or customs officer of the Virgin Islands,
Guam, or the Canal Zone.
    (d) Any officer of the Metropolitan Police Department, District of
Columbia.
    (e) Any person authorized to execute search warrants by the
President of the United States.
    (f) Any civilian agent of the Department of Defense not subject to
military direction who is authorized by statute or other appropriate
authority to enforce the criminal laws of the United States.
    (g) Any civilian agent of the Department of Defense who is
authorized to enforce the Uniform Code of Military Justice.
    (h) Any military agent of the Department of Defense who is
authorized to enforce the Uniform Code of Military Justice.
    (i) Any special agent of the Office of Inspector General, Department
of Transportation.
    (j) Any special agent of the Investigations Division of the Office
of Inspector General, Small Business Administration.
    (k) Any special agent of the Office of Investigations and the Office
of Labor Racketeering of the Office of Inspector General, Department of
Labor.
    (l) Any special agent of the Office of Investigations of the Office
of Inspector General, General Services Administration.
    (m) Any special agent of the Office of Inspector General, Department
of Housing and Urban Development.
    (n) Any special agent of the Office of Inspector General, Department
of Interior.
    (o) Any special agent of the Office of Inspector General, Veterans
Administration.
    (p) Any special agent of the Office of Inspector General, Social
Security Administration.
    (q) Any special agent of the Office of Inspector General, Department
of Health and Human Services.

[Order No. 826-79, 44 FR 21785, Apr. 12, 1979, as amended by Order No.
1026-83, 48 FR 37377, Aug. 18, 1983; Order No. 1143-86, 51 FR 26878,
July 28, 1986; Order No. 1188-87, 52 FR 19138, May 21, 1987; Order No.
1327-89, 54 FR 9431, Mar. 7, 1989; Order No. 2000-95, 60 FR 62734, Dec.
7, 1995]
```

**Again, please note this all inclusive list from the Code of Federal Regulations DOES NOT AUTHORIZE IRS AGENTS TO OBTAIN SEARCH WARRANTS[1]. Therefore this warrant was illegally applied for and illegally issued just on this ground alone! Therefore if the Plaintiff could make no other argument as to why all of the evidence derived from that warrant should be suppressed, the Plaintiff has already made his case.** There can be NO ARGUMENT but that the search warrant was illegally applied for and illegally issued in obvious violation of 28CFR60.2. The Plaintiff should not have to proceed beyond this point to establish why all of the evidence derived from the warrant must be suppressed and all of the property taken must be immediately returned and all evidence gathered must be declared the "Fruit of the poison tree."

### V

### False Statements in an Affidavit Invalidate a Search Warrant

In the instance of the affidavit used to secure the warrant at issue the agents were not included in the list of officers authorized to obtain a warrant and therefore are specifically excluded by law (28CFR60.2 )from doing so per the doctrine of *INCLUSIO UNIUS EST EXCLUSIO ALTERIUS*. This invalidates *ab initio* the affidavit as these agents had no more lawful authority to present the affidavit to the court to obtain a search warrant than does the Plaintiff. In *Franks v. Delaware*, 438 U.S. 154 (1978) Justice Blackmun wrote in the lead opinion of the court.

"In the present case the Supreme Court of Delaware held, as a matter of first impression for it, that a defendant under no circumstances may so challenge the veracity of a sworn statement used by police to procure a search warrant. We reverse, and we hold that, where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was [438 U.S. 156] included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the

---

[1] *INCLUSIO UNIUS EST EXCLUSIO ALTERIUS*. The inclusion of one is the exclusion of another. The certain designation of one person is an absolute exclusion of all others. 11 Coke, 58b; Burgin v. Forbes, 293 Ky. 456, 169 S.W.2d 321, 325 Black Law Dictionary Revised Fourth Edition

finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that, at that hearing, the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided, and the fruits of the search excluded, to the same extent as if probable cause was lacking on the face of the affidavit." [Emphasis Mine]

In this instance the false statements are that the "special agents" are authorized by law to obtain a search warrant[1]. In reality there is no law authorizing the "special agents" to obtain a search warrant, no more so than any federal law authorizing the Plaintiff to go obtain a search warrant. Yet as an honest Citizen of the Commonwealth of Massachusetts the Plaintiff could be asked or even commanded by the County Sheriff to help serve a search or arrest warrant but the Plaintiff does not have the authority to OBTAIN a warrant. The same is also true of IRS agents. The IRS special agents have the authority to execute or serve arrest and search warrants but they do not have the lawful authority in the U.S.C. or the C.F.R. or their job descriptions to OBTAIN or APPLY for warrants.

## VI

### Inventory Was Improperly Prepared Rule 41(d)

Please allow me to specifically cite the law concerning the inventory of the search in this matter.

```
Federal Rules of Criminal Procedure Rule 41(d)(2)
        (2) Inventory. An officer present during the execution
of the warrant must prepare and verify an inventory of any
property seized. The officer must do so in the presence of
```

---

[1] The agents are probably aware they are not authorized by law to obtain warrants but they more than likely didn't inform the court of this. "*Silence can be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading. . . We cannot condone this shocking behavior by the IRS. Our revenue system is based on the good faith of the taxpayer and the taxpayers should be able to expect the same from the government in its enforcement and collection activities.*" U.S. v. Tweel, 550 F.2d 297, 299. See also U.S. v. Prudden, 424 F.2d 1021, 1032; Carmine v. Bowen, 64 A. 932

another officer and the person from whom, or from whose premises, the property was taken. If either one is not present, the officer must prepare and verify the inventory in the presence of at least one other credible person.

Please note the last words, **"credible person"** in this rule. In the government's motion AUSA Wild tries to stretch the definitions for the term, "credible person" but I would like to now put into the record the definition of the term "credible person" from Black's Law Dictionary, Revised Fourth Edition.

"Credible person. One who is trustworthy and entitled to be believed; In law and legal proceedings, one who is entitled to have his oath or affidavit accepted as reliable, not only on account of his good reputation for veracity, but also on account of his intelligence, knowledge of the circumstances, and disinterested relation to the matter in question."

Please allow me to bring to focus the final phrase in that definition which doesn't say "or" but instead says "and". This means that to fit this definition the "credible person" **MUST BE DISINTERESTED**. This motion already proves that the agents in question do not fit the beginning of this definition because they illegally obtained the search warrant and they certainly don't fit the end of this description because they are anything but disinterested. Local police were available to act in this role (of disinterested, credible person) yet they were not used for anything but directing traffic.

Plaintiff is entitled to be held to a less stringent standard than professional attorneys. See *Haines v. Kerner*, 404 US 519-521 (1972): "...allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers..." *Platsky v. CIA*, 953 F.2d 26 28 (2d Cir. 1991), "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings."

At this time the Plaintiff, Charles William Adams would like to point out a mistake he has made in an earlier affidavit and bring this honest mistake to the attention of the court. In an earlier affidavit the Plaintiff wrote that the IRS Agents removed the Class A firearms permit issued to him. On Friday, August 20, 2004 the Plaintiff was unpacking a box that was moved from the floor of the closet at his former residence which was raided (the landlord kicked out The Plaintiff and his family as a direct result of the raid) and found the firearms permit in the front compartment of the "fanny pack" in which it was usually kept and immediately returned it to the issuing authority, the Chief of Police in Wrentham, Massachusetts. The Chief understood this was an honest mistake and accepted the license.

In the affidavit of IRS agent David Toy on Item 16 he wrote the following. "A Massachusetts Class A firearms license was observed in what appeared to be an office in the residence, but was not seized. The license was left on the desk in the office." This license was kept in the "fanny pack" along with a firearm so to swear it was just "observed" is not truthful; it was removed from the "fanny pack" by the agents. Too much time and emotion have taxed the memory of the Plaintiff to recall if the license was on the desk and he returned it to the "fanny pack" and somehow placed in a box rather than its usual spot. There is the remote possibility the Plaintiff picked up the license, put it back into its usual case and for whatever reason didn't put it back in its usual place on the top shelf of the closet but rather shoved it into a box in that closet.

The firearms license was found on Friday, August 20, 2004 in the "fanny pack" in which is was usually kept and the fanny pack had been shoved into a box on the floor of the closet in the office in which it was kept on the highest shelf. What the Plaintiff does recall that was left of the desk in the home office was an advertisement or flyer from a software package and this advertisement was on some sort of tax reporting software or package or module. This flyer or

advertisement was left prominently in the center of the desk apparently by someone with a malicious and sick sense of humor to add insult to injury.

The Plaintiff, Charles William Adams is a de jure flesh and blood man, an American Citizen, living and working in the Commonwealth of Massachusetts, a Sovereign creator of government by law and inheritance and a Citizen by virtue of birth upon the soil of Pennsylvania and a Massachusetts Citizen by virtue of living in the Commonwealth of Massachusetts at all times relevant to this cause.

**IN CONCLUSION** any one of these six points are sufficient grounds for the court to quash the search warrant in question, order the return of everything that was taken on March 23, 2004 and suppress all evidence and knowledge derived *ab initio* as the "Fruits of the poison tree." The Plaintiff begs the court to examine these six points in full detail above and to render an immediate decision in favor of the Plaintiff.

1. Per *Boyd v. United States* 116 U.S. 616 revenue agents can not seize records nor compel their production.

2. The search warrant was obtained and executed with callous disregard for the Plaintiff's 4th and 5th Amendment Rights.

3. The job description of IRS special agents shows they have no enforcement authority over the Plaintiff who is not a person liable for the payment of income tax because he is not engaged in a taxable activity.

4. Per 28CFR60.2 and 26CFR1.274-5T(k)(6)(ii) the search warrant at issue was illegally applied for and illegally issued by people with no more lawful authority than the Plaintiff himself to obtain a warrant.

5. False statements in an affidavit invalidate a search warrant. The agents must have purported they have the lawful authority to obtain a warrant.

6. The inventory of the search was improperly prepared.

## ACKNOWLEGEMENTS

As the Undersigned, I hereby verify, under penalty of perjury, under the laws of the United States of America, without the 'United States' [federal government] that the above statements of facts and laws is true and correct, according to the best of my current information, knowledge and belief, so help me God, pursuant to 28 U.S.C. 1746[1]. See the Supremacy Clause for Constitutional authority. Any response from the Office of the US Attorney that is not also SWORN TESTIMONY must be considered a non-response and acquiesce that everything contained herein is not rebutted and true.

Commonwealth of Massachusetts   )
                                ) ss:
County of Norfolk                )

On this twenty-seventh day of August, in the year of our Lord 2004, before me a Notary Public in and for the Commonwealth of Massachusetts, Charles William Adams personally signed at the bottom of this page known to me to be the man whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and considerations therein expressed and in the capacities therein stated.

_____
Notary Public

My Commission Expires
August 4, 2006

My Commission Expires

I, Charles William Adams have freely hereunto set my hand this twenty-seventh day of August, 2004.

L.S.

A Living Soul, Created by The Creator

## IN THE UNITED STATES OF AMERICA DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Charles William Adams ) | USDC Case Number: | 04-MC-10193 |
| Plaintiff, unrepresented ) | | |
| ) | Search Warrant: | 04M-1053-JGD |
| v. ) | Search Warrant: | 04M-1055-JGD |
| UNITED STATES ) | | |
| INTERNAL REVENUE SERVICE ) | | |
| Defendants ) | | |

## ORDER

Having reviewed the Plaintiffs' Motion for Return of Property, this Court finds that said Motion is well taken, and it is hereby granted.

It is hereby ORDERED that the search warrants referenced above be quashed *ab initio* AND all of the property seized from the premises of 221 Madison Street, Wrentham, Massachusetts on March 23, 2004, be returned without any unnecessary delays by the Defendant or their agents to the current home of the Plaintiff within five (5) business days from the filing of this ORDER by the clerk of this court AND all IRS liens removed from the Plaintiff, AND all licenses restored to the Plaintiff AND all evidence and knowledge gained be suppressed as the "Fruit of the poison tree" per Rule 41(h).

GIVEN UNDER MY HAND this ___ day of _____, 2004, at ___o'clock ___.m.

_____
District Court Judge

# CERTIFICATE OF SERVICE

I, Charles William Adams, a Citizen of the Commonwealth of Massachusetts over the age of 21, do hereby certify that a true copy of the following documents:

1. REPLY MOTION ; and
2. PROPOSED ORDER; and
3. CERTIFICATE OF SERVICE; and,

Have been served on 27 August, 2004, via United States Postal Service "Certified Mail" Return Receipt Requested to the Clerk of the US District Court and to Assistant U.S. Attorney Victor Wild.

CERTIFIED MAIL # 7004 0750 0003 0283 8724
Clerk, United States District Court for Massachusetts
Eastern Division
One Courthouse Way
Boston, Ma.  02210-3002

CERTIFIED MAIL # 7004 0750 0003 0283 8717
Victor A. Wild
Assistant U.S. Attorney
U.S. Attorney's Office
One Courthouse Way – Suite 9200
Boston, MA 02210

_____
Charles William Adams, unrepresented Plaintiff, Sui Juris