UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MBD NO. 04-10193-RWZ

CHARLES ADAMS

v.

UNITED STATES OF AMERICA

<u>AMENDED MEMORANDUM CONCERNING
OBJECTIONS TO REPORT AND RECOMMENDATION</u>

January 11, 2005

ZOBEL, D.J.

Plaintiff commenced this proceeding to recover property seized from his residence by Internal Revenue agents pursuant to a search warrant. He then filed several motions designed to effectuate the return of the property. Magistrate Judge Dein, after an extensive review of plaintiff's papers and the applicable law, recommended denial of all the substantive motions. Plaintiff objected to the report and recommendation as required by Rule 72. Fed. R. Civ. P. However, in a letter attached to his pleading, he acknowledges with admirable candor that the Magistrate Judge was right as to the issues she addressed. He does reiterate one argument not considered by the Magistrate Judge "probably because I did such a lousy job of bringing it up in the first place." Plaintiff's point, now clearly articulated, is that the IRS agents who executed the warrant did not have authority to do so.

The argument begins with Rule 41 of the Federal Rules of Criminal Procedure which authorizes "a federal law enforcement officer" to apply for search warrants and defines such as "a government agent . . . who is engaged in enforcing the criminal laws

and is within any category of officers, authorized by the Attorney General to request a search warrant." Plaintiff then cites 26 C.F.R. § 1.274-5T which in subsection (k)(ii) defines the term "law enforcement officer" and explicitly excludes "Internal Revenue Service special agents." The difficulty with plaintiff's argument is that the regulation has nothing whatever to do with the issue at hand; it is concerned entirely with the applicability of substantiation requirements to qualified nonpersonal use of vehicles in computing income tax. Plaintiff's reliance on 28 C.F.R. § 60.2, Authorization of Federal Law Enforcement Officers to Request the Issuance of a Search Warrant, is also unavailing. While it is true that this regulation does not list the agents of the Internal Revenue Service, it does authorize requests for search warrants by "(a) Any person authorized to execute search warrants by a statute of the United States" or "(b) . . . by the head of a department, bureau, or agency. . . pursuant to any statute of the United States." The statute in this case, 26 U.S.C. § 7608 authorizes IRS enforcement officers to execute and serve search warrants.

     Plaintiff further contends that the execution of the search was illegal because the officers admittedly all carried weapons, and Section 7608 of the Internal Revenue Code authorizes the carrying of firearms only in connection with the enforcement of subtitle E which has nothing to do with the investigation in this case. However, the IRS has a longstanding policy permitting such use of firearms as reflected in agency counsel memoranda from 1962 and 1985 and most recently articulated in the Internal Revenue Manual, Part 9. Criminal Investigation, Section 9.2.3.5.1. It provides: "Special agents' authority to carry firearms is implied from the authority to make arrests and seizures found in 26 U.S.C. § 7608 (b)."

The Objections to the Report and Recommendations of the Magistrate Judge are overruled, and the court hereby accepts the Report and adopts the Recommendations. The motions for return, for declaratory judgment, for writ of quo warranto, and summary judgment are denied.

January 11, 2005
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE